MECHANICS' AND TRADERS' INSURANCE COMPANY VS. MRS. S. L. McVEY.

MAYO, J. Where defendant is sued as a *femme sole* and pleads the general issue, and it is apparent from the note sued on that she was a married woman when she executed it, the Court will release her, notwithstanding her defective pleadings, if plaintiff does not affirmatively prove that she bound as a married woman.

A. R. HENDRY, ADMINISTRATOR, VS. JOHN FERREN.

FARMER, J. Where an administrator agrees that one of the heirs may occupy a farm belonging to the succession free of rent, on condition that he will keep the place in repair, and after the death of said administrator a new one is appointed, the latter cannot recover rent from said heir. He is bound by the acts of his predecessor. But Mayo, J., concurring: " I cannot assent to the doctrine that an administrator can place a farm belonging to the succession in possession of any person free of rent. I concur on the ground that the property was not worth more rent than the expense of keeping it repaired."

ABE BRITTON, ASSIGNEE, VS. DUNCAN BRICE.

MAYO, J. Where plaintiff sues on an obligation prescribed on its face, no law requires him to set forth how or when the prescription was interrupted and suspended. All kinds of evidence to show interruption are admissible.

2. Where suit was filed in a Parish Court against the Judge thereof, and a judgment was rendered by a Judge *ad hoc* therein, and said judgment was subsequently stricken out and the case referred to the District Judge, when another judgment was rendered, which judgment was subsequently annulled, the suit was still left pending in the Parish Court.

3. If, therefore, after the judgment of nullity the plaintiff institutes a new suit, this act constitutes a voluntary abandonment or discontinuance of the former pending suit, and by C. C. 3519, the citation in the suit thus actively abandoned will not work an interruption of prescription. 7 An. 523; 10 An. 331.